UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

BARRY J. SMITH, JR.,

    Plaintiff,

v.                           Case No. 13-C-0206

THE UNITED STATES CONGRESS,
THE UNITED STATES PRESIDENT,
THE GOVERNOR OF WISCONSIN,
THE MAYOR OF MILWAUKEE,
THE UNITED STATES SOCIAL
SECURITY ADMINISTRATION,

    Defendants.

---

DECISION AND ORDER GRANTING RULE 12(b)(6) MOTION FOR DISMISSAL OF DEFENDANT THOMAS M. BARRETT, MAYOR OF THE CITY OF MILWAUKEE (DOC. 3), GRANTING GOVERNOR SCOTT WALKER'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (DOC. 7), DISMISSING THE UNITED STATES PRESIDENT AND THE UNITED STATES CONGRESS, AND REQUIRING SMITH TO FILE AN AMENDED COMPLAINT ON OR BEFORE APRIL 29, 2013

Plaintiff, Barry J. Smith, Sr., filed a pro se petition for redress of grievances against the United States Congress, the United States President, the Governor of Wisconsin, the Mayor of Milwaukee, and the United States Social Security Administration. Smith, who filed the petition under the First Amendment, asserts the following two causes of action:

> First Cause of Action: Plaintiff was a supplemental security income recipient of the U.S. Social Security Administration. Plaintiff applied to participate in the "PASS", program to achieve self sufficiency, program and submitted his business plan to privately borrow about thirty thousand dollars and buy foreclosed properties to rehab and rent with the intent to become self sufficient within two years and remove himself from SSI. The Social Security Administration, motivated by racism, refused to allow him to participate in the PASS program, and has him repaying over ten thousand dollars in SSI benefits as a result of that racially motivated refusal to allow him to participate in the PASS program.
>
> Second Cause of Action: Petitioner is being denied his guaranteed United States Constitutional rights under the First (right to petition his government for redress of grievances), Second (right to keep arms to protect his home

and children), Fourth (right to be free from unreasonable searches and seizures based on his previous condition of Thirteenth Amendment Slavery), Fifth (right to not be subject to a second jeopardy premised on the same offense, and to not be compelled to witness against himself based on previous condition of Thirteenth Amendment Slavery), Sixth (right to represent himself with the counsel assistance of his choice, and the right to be confronted by his accuser), Seventh (right to a jury trial where the value in controversy exceeds twenty dollars), Eighth (right to be unduly charged, convicted and punished based on either race or previous condition of Thirteenth Amendment Slavery), Thirteenth (right to complete and total restoration of the United States Constitutional rights upon discharge of sentence/punishment), Fourteenth (right to due process and equal protection of law without regard to previous condition of Thirteenth Amendment Slavery) and Fifteenth (right to vote for himself in any and every political election without regard to previous condition of Thirteenth Amendment Slavery). Defendants are denying Plaintiff these United States Constitutional rights based on a pattern and practice of Racism directed against him as a descendant of the slaves described by the United States Supreme Court Chief Justice Taney in Dred Scott v. Sanford, 60 U.S. (19 How.) 393, 15 L. Ed. 691).

A similar complaint was filed by Smith on November 10, 2008, and dismissed on the merits by Judge J.P. Stadtmueller. *See Smith Sr. v. The President of the United States, et al.*, No. 08-C-956 (E.D. Wis. 2009). The Seventh Circuit Court of Appeals summarily affirmed the dismissal, finding Smith's constitutional arguments to be "absurd." *Smith v. President of the United States*, *et al.*, No. 09-3419 (7th Cir. 2010). Prior to that, Judge Rudolph T. Randa dismissed a complaint filed by Smith against the United States of America and the State of Wisconsin for failing to state an actionable claim and for lack of standing. *See Smith v. United States,* No. 08-C-262 (E.D. April 2, 2008), affirmed No. 08-2205 (7th Cir. Nov. 13, 2008).

Defendant Thomas M. Barrett moves to dismiss the petition for redress of grievances under Rule 12(b)(g) on the ground that the petition fails to identify Mayor Barrett or otherwise assert any legal or factual bases for a claim against him. Likewise, Governor Walker moves to dismiss on the grounds that the petition lacks any factual allegations,

2

merely recites the Constitution, and never alleges any facts that would connect Governor Walker to any of the alleged Constitutional violations.

In response, Smith argues that he is not suing the mayor or the governor as private individuals but rather is suing whoever is publicly employed as the mayor and governor. He further maintains that the allegations are asserted against all defendants who have failed to defend and enforce "the United States Constitution and the Thirteenth Amendment on behalf of American-Africans." According to Smith, these defendants grant "only those United States and Constitutional rights they choose to grant to him, and they deny him all others." Thus, it appears that Smith may be seeking the repeal of "each and every law in the Wisconsin constitution and the Statutes that violates the Thirteenth Amendment, among others, of the Constitution of the United States of America."

To survive dismissal under Rule 12(b)(6), a complaint must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although detailed factual allegations are not necessary to meet those requirements, a plaintiff must do more than present "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation omitted).

Mindful that the court must liberally construe the petition, there are no facts asserted regarding the mayor or the governor. Indeed, the only factual assertions appear in the first cause of action with respect to the Social Security Administration and its refusal to allow

3

Smith to participate in the PASS program. Neither the Mayor of the City of Milwaukee or nor the Governor of Wisconsin are alleged to have any involvement with any decision by the Social Security Administration. Accordingly, they will be dismissed.

Moreover, the court will dismiss the President of the United States and the U.S. Congress inasmuch as the petition appears frivolous and fails to plead enough facts to be plausible on its face. Suits against federal officers in their official capacity are really suits against the government, and for these suits to go forward, the government must waive its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 483, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). Because there are no facts plead with respect to these defendants, there is no need to further explore whether there has been a waiver of sovereign immunity.

The only remaining defendant is the Social Security Administration. Smith submits that he has been denied the right to participate in the Plan to Achieve Self-Support (PASS) and that he must repay "over ten thousand dollars in SSI benefits as a result of that racially motivated refusal to allow him to participate in the PASS program." It is unclear whether Smith has a viable claim against Social Security Administration because there are insufficient facts in the petition with respect to any decision by the administration. Consequently, the court will grant Smith's request for leave to amend. Now, therefore,

IT IS ORDERED that the Rule 12(b)(6) motion for dismissal of defendant Thomas M. Barrett, Mayor of the City of Milwaukee, is granted. (Doc. 3.)

IT IS FURTHER ORDERED that Governor Walker's Rule 12(b)(6) motion to dismiss is granted. (Doc. 7.)

IT IS FURTHER ORDERED that the United States President is dismissed as a defendant.

4

IT IS FURTHER ORDERED that the United States Congress is dismissed as a defendant.

IT IS FURTHER ORDERED that Smith may file an amended complaint on or before April 29, 2013, clearly identifying any factual bases for a claim against the United States Social Security Administration. Smith shall identify any decision by the administration, including the date of that decision and whether he filed an administrative appeal. Failure to file an amended complaint may result in the immediate dismissal of this action.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE
